**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000686
28-APR-2023
09:03 AM
Dkt. 100 SO**

NO. CAAP-18-0000686

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STEVE P. BERKOFF, Claimant-Appellant,
v.
IQ DESIGN LLC, Employer-Appellee-Appellant and
HAWAIʻI EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Insurance Carrier-Appellee-Appellant,
and
SPECIAL COMPENSATION FUND, Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-273 and DCD NO. 9-05-01277)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Employer-Appellee-Appellant IQ Design LLC and Insurance Carrier-Appellee-Appellant Hawaiʻi Employers' Mutual Insurance Company, Inc. (collectively, **Employer**) appeal from the Decision and Order entered by the Labor and Industrial Relations Appeals Board (**LIRAB** or **Board**) on May 23, 2018, and the Order Denying Motion for Reconsideration entered by the LIRAB on August 15, 2018. For the reasons explained below, we affirm.

Claimant-Appellant Steve P. **Berkoff**[1] worked for IQ Design LLC. On August 17, 2005, Berkoff injured his back while working. He made a claim for workers' compensation benefits. Employer contested the claim.

---

[1] Berkoff is not a party to this appeal.

On March 16, 2007, the **Director** of the state Department of Labor and Industrial Relations, through the Disability Compensation Division, issued a decision on Berkoff's claim.

On January 20, 2012, Stephen L. **Demeter**, M.D. reported on his review of Berkoff's medical records. Dr. Demeter then examined Berkoff and, by letter dated February 22, 2012, opined that Berkoff had permanent impairment of his lower spine before his work injury.

On September 20, 2012, Employer requested joinder of Appellee-Appellee Special Compensation Fund (**SCF**) for apportionment of liability for permanent disability benefits. The request was based upon Dr. Demeter's reports dated January 20, 2012 and February 22, 2012.

On June 12, 2015, the Director issued a supplemental decision. The Director found that Employer's request for apportionment with the SCF was untimely, and denied the request. Employer appealed. The LIRAB affirmed.

This secondary appeal followed. Employer challenges these findings of fact:

> 19. Employer has provided no good cause for permitting a written notice after the 30-day period.
>
> 20. The Board finds that Employer has not met its burden to prove an entitlement to an apportionment of permanent disability benefits with the SCF because Employer's notice to the Director of possible SCF involvement was untimely.

Employer challenges the LIRAB's analysis:

> Employer urges the Board to apply the analysis stated in Higuchi v. Otaka, Inc., AB 2012-019 (10/2/13). The Board finds such case distinguishable. In Higuchi, the SCF had been a party to the case for several years before the applicable rating reports were issued. Additionally, in Higuchi, the initial ratings were premature and speculative.
>
> In this case, the SCF was not previously a party to this case. Employer first provided notice to the Director of possible SCF involvement pursuant to HAR Section 12-10-33 hundreds of days after the reports of Drs. Cupo and Demeter. Employer did not show any cause, let alone good cause, why the Director should permit filing the written notice after

2

the 30-day time period.  Therefore, Employer alone is liable for payment of PTD benefits to [Berkoff].

Employer challenges the LIRAB's conclusion of law:

> 4.    The Board concludes that pursuant to Section 386-33, HRS, and HAR Section 12-10-33, the payment of PTD benefits to [Berkoff] should not be apportioned between Employer/Insurance Carrier and the Special Compensation Fund.

And Employer challenges the denial of its motion for reconsideration.

"Appellate review of a LIRAB decision is governed by the provisions of the Hawaiʻi Administrative Procedure Act relating to judicial review of agency action."  Ihara v. State Dep't of Land & Nat. Res., 141 Hawaiʻi 36, 41, 404 P.3d 302, 307 (2017) (citations omitted).  The Act provides, in relevant part:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)    In violation of constitutional or statutory provisions;
>
> (2)    In excess of the statutory authority or jurisdiction of the agency;
>
> (3)    Made upon unlawful procedure;
>
> (4)    Affected by other error of law;
>
> (5)    Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)    Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g) (Supp. 2016).  Findings of fact are reviewed under the clearly erroneous standard.  HRS § 91-14(g)(5); Del Monte Fresh Produce (Haw.), Inc. v. International Longshore & Warehouse Union, Local 142, 128 Hawaiʻi 289, 302, 287 P.3d 190, 203 (2012). Conclusions of law are reviewed de novo under the right/wrong

standard.  HRS § 91-14(g)(1), (2), (4); <u>Ihara</u>, 141 Hawaiʻi at 41, 404 P.3d at 307 (citation omitted).

The LIRAB's decision was based upon Hawaii Administrative Rules (**HAR**) § 12-10-33 (effective 2013).  The rule provides, in relevant part:

> (a)   In any case, including death, where an employer believes that section 386-33, HRS [Hawaii Revised Statutes],[2] applies, the employer shall give the director written notice ***no later than thirty calendar days after the date of the initial rating report indicating evidence of pre-existing disability***.  The notice shall state the reasons underlying the employer's belief that section 386-33, HRS, applies and shall include a copy of the rating report or the final decision of the director or the appellate board indicating evidence of the pre-existing disability.  Upon good cause shown, the director may permit the employer to file the written notice after the expiration of the time period.  Failure to file a notice in accordance with this section shall subject the employer to liability for all benefits.

(Emphasis added.)  Employer doesn't dispute that its request to join SCF was based on Dr. Demeter's reports dated January 20, 2012, and February 22, 2012, or that its September 20, 2012 request for apportionment with the SCF was made more than thirty days after the date of Dr. Demeter's reports.

The LIRAB's combined finding and conclusion that "the payment of PTD benefits to [Berkoff] should not be apportioned between Employer/Insurance Carrier and the Special Compensation Fund" is supported by the undisputed facts and reflects a correct application of the plain language of HAR § 12-10-33.  See <u>Est. of Klink ex rel. Klink v. State</u>, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007) (noting that conclusion of law supported by trial court's findings of fact and reflecting application of correct rule of law will not be overturned).

---

[2]    An employer seeking to obtain contribution from SCF for PPD benefits under HRS [Hawaii Revised Statutes] § 386-33 must prove that: (1) the injured employee suffered from a preexisting permanent partial disability; (2) the preexisting permanent partial disability would support an award of thirty-two weeks of PPD benefits; and (3) the preexisting permanent partial disability and the subsequent work-related injury combined to cause a greater present permanent partial disability.  <u>Bumanglag v. Oahu Sugar Co.</u>, 78 Hawaiʻi 275, 280, 892 P.2d 468, 473 (1995).

Employer's reliance on <u>Higuchi</u> is misplaced. Higuchi was injured in 1996. The employer paid PPD settlements in 1999 and 2003. A doctor's report dated November 5, 2010 apportioned part of Higuchi's PPD to "pre-existing permanent disability." The employer notified SCF of its potential liability on November 10, 2010. The Director denied apportionment with the SCF, "finding that Employer did not file a written notice of the SCF's potential liability prior to entering into the" 1999 and 2003 settlements.

The employer appealed. The LIRAB found that the "November 5, 2010 report is the first rating report evidencing pre-existing permanent disability" and concluded that the November 10, 2010 notice was timely. In that context, the LIRAB stated that the DCD "cannot effect a denial of apportionment by denying joinder" of the SCF.[3] By contrast, in this case Employer's request for apportionment with SCF was made more than thirty days after the dates of Dr. Demeter's reports. The LIRAB did not err by applying the plain language of HAR § 12-10-33 and denying the untimely request.

Employer argues that the LIRAB "should not have automatically 'rubber stamped' the . . . invalid application of HAR § 12-10-33 . . . especially where the SCF demonstrated no prejudice." It wasn't the SCF's burden to show prejudice because of the late notice. HAR § 12-10-33 gives LIRAB discretion to permit an employer to file late written notice of a claim against the SCF "[u]pon good cause shown." Employer's opening brief doesn't cite where in the record it proffered evidence of "good cause" to the LIRAB. Employer's attempt to shift the burden of persuasion to the SCF is contrary to the plain language of HAR § 12-10-33.

---

[3]    The <u>Higuchi</u> case was remanded for the DCD to determine the amount of the SCF's liability. On remand, the DCD ruled that the SCF must pay PPD benefits in excess of 104 weeks. <u>Higuchi v. Otaka, Inc.</u>, No. CAAP-18-0000019, 2021 WL 5754988 (Haw. App. Dec. 3, 2021) (SDO). The SCF appealed. The LIRAB affirmed. The SCF filed a secondary appeal. We affirmed. <u>Id.</u>

Employer argues that the HAR § 12-10-33 deadline is contrary to "the beneficent, humanitarian purpose" of HRS § 386-33. However, an injured employee will receive full PPD benefits even if the employer misses the HAR § 12-10-33 deadline. HAR § 12-10-33 ("Failure to file a notice in accordance with this section shall subject the employer to liability for all benefits.").

Moreover, an employer missing the 30-day deadline isn't the only situation in which the SCF wouldn't be liable for apportionment of PPD benefits. Under HRS § 386-33, if the injured employee's "preexisting loss or impairment of a physical or mental function was not the subject of an award of PPD benefits, and would not have supported an award of thirty-two weeks of compensation for PPD, the employer is liable for the full amount of PPD benefits." Pave v. Prod. Processing, Inc., 152 Hawaiʻi 164, 170, 524 P.3d 355, 361 (App. 2022). Employer cites no authority for the proposition that the legislature intended that the SCF be strictly liable for apportionment of PPD benefits whenever an injured employee had a preexisting loss or impairment of a physical or mental function, or that the DLIR exceeded its rule-making authority under HRS § 386-72 by promulgating HAR § 12-10-33.

Employer argues that the SCF waived, or should be estopped from asserting, the 30-day deadline under HAR § 12-10-33. Employer's briefs fail to cite the elements of waiver or estoppel. "[W]aiver is defined as an intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." In re Yoneji Revocable Tr., 147 Hawaiʻi 104, 111, 464 P.3d 892, 899 (App. 2020). "The elements of promissory estoppel include: (1) a promise; (2) at the time the promisor made the promise, the promisor must foresee that the promisee would rely upon the promise (foreseeability); (3) the promisee does in fact rely upon the promisor's promise; and (4) enforcement of the promise is necessary to avoid injustice." Furuya v. Ass'n of Apt. Owners of

Pac. Monarch, Inc., 137 Hawaiʻi 371, 387, 375 P.3d 150, 166 (2016) (cleaned up). "Equitable estoppel is a defense requiring proof that one person wilfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment." Herrmann v. Herrmann, 138 Hawaiʻi 144, 155 n.11, 378 P.3d 860, 871 n.11 (2016) (cleaned up). "Quasi-estoppel . . . is a species of equitable estoppel precluding one from asserting to another's disadvantage, a right inconsistent with a position previously taken by him or her." Id. (cleaned up).

Employer fails to cite any evidence in the record to support its argument that the SCF waived, or should be estopped from asserting, the 30-day deadline under HAR § 12-10-33. Employer's waiver and estoppel argument is without merit.

Employer argues that the LIRAB erred by denying the motion for reconsideration. "An order granting or denying a motion for reconsideration is reviewed for abuse of discretion. An abuse of discretion occurs where the circuit court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Tax Appeal of Subway Real Est. Corp. v. Dir. of Taxation, State of Haw., 110 Hawaiʻi 25, 30, 129 P.3d 528, 533 (2006) (cleaned up).

The purpose of a motion for reconsideration is to allow the parties to present arguments that could not have been presented during the earlier adjudicated hearing. Reconsideration is not a device to raise arguments that could and should have been brought to the LIRAB's attention during the earlier hearing. Cf. Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000). Employer's motion for reconsideration was filed on June 4, 2018. It again argued that HAR § 12-10-33 was "an invalid agency rule" that "impose[d] an arbitrary, artificial 30-day deadline[.]" The LIRAB wasn't wrong to dismiss that argument the first time it was made, and did not abuse its

7

discretion by denying the motion for reconsideration, which simply repeated the argument.

Finally, Employer argues that a conflict of interest existed because "[t]he SCF, the Special Compensation Fund [sic], and the [D]irector are essentially one and the same entities [sic]." According to the opening brief, Employer made this argument during the hearing on its motion for reconsideration. The conflict of interest issue could, and should, have been made to the LIRAB during the appeal hearing. The LIRAB did not abuse its discretion by denying Employer's motion for reconsideration on that issue.

For the foregoing reasons, the LIRAB's Decision and Order entered on May 23, 2018, and Order Denying Motion for Reconsideration entered on August 15, 2018, are affirmed.

DATED: Honolulu, Hawaiʻi, April 28, 2023.

On the briefs:

Brian G.S. Choy,
Keith M. Yonamine,
for Employer-Appellee-
Appellant and Insurance
Carrier-Appellee-Appellant.

Li-Ann Yamashiro,
Robyn M. Kuwabe,
Deputy Attorneys General,
Department of the Attorney General,
State of Hawaiʻi,
for Appellee-Appellee
Special Compensation Fund,
Department of Labor and
Industrial Relations.

Andrew A. Cheng,
for Claimant-Appellant.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge